### THOMAS STEVENS *v.* JOHN W. SOMERINDYKE.

In an action against an officer, for a trespass in levying upon goods under an execution; it is not necessary to aver in the complaint that the goods were exempt from execution.

Proof of actual possession is sufficient to maintain the action, without other evidence of title in the plaintiff.

An authorized levy upon, without removing property, constitutes a trespass, for which an action will lie.

APPEAL from a judgment of the Third District Court, against a constable, for trespass in levying upon property, to which the defendant alleged a right of possession.

*Edward W. Marsh,* for the defendant.

*Elias J. Beach,* for the plaintiff.

BY THE COURT. INGRAHAM, FIRST J.—The complaint in the court below was to recover damages for taking personal property from plaintiff's possession.

Stevens *v.* Somerindyke.

The answer denied the allegation in the complaint. It also averred that the defendant was not a resident of the district, and set up a justification under a judgment and execution against the plaintiff.

Upon the trial of the cause, the taking of the goods was proven and the value. The plaintiff also proved his occupation, and the use to which the property was applied, to show its necessity in his business.

1. An objection is taken to the sufficiency of the complaint, upon the ground that the plaintiff should have set forth therein that he was married and had a family, and that the property taken was exempt from execution. No such objection appears to have been taken on the trial. If it had been, it would not have been a valid one. It was sufficient for the plaintiff to allege an unlawful taking. If the defendant had any authority to take the plaintiff's property, he was bound to set it up in the pleadings, and prove it as matter of defence. How far it might be necessary to set it up in a reply, if a reply was now required in such a case, is a different question; but no such averment was necessary in the complaint, any more than it was necessary for the plaintiff to admit the judgment under which the defendant acted.

2. The objection that the defendant did not reside in the district, did not constitute a defence. If the plaintiff was a resident, he had a right to bring the action there. No proof was offered sufficient to establish that defence, and the onus was on the defendant to prove his residence as well as the plaintiff's.

3. Whether or not the property was exempt from execution, was a question of fact for the justice to decide. There is evidence sufficient to sustain his finding; and when that is the case, we do not reverse the judgment because we might differ from the justice in his conclusions on the evidence. Ownership of the goods was not essential to the plaintiff's recovery. Mere possession was sufficient. Besides, the whole defence rested on the assumption that the property was the plaintiff's, and without that fact being conceded, the

judgment and execution did not in any way justify the defendant's acts.

4. A mere levy, without removing the property, or in any other way interfering with it, has been held to be a trespass, and sufficient to maintain the action of trespass. (*Connah* v. *Hale*, 23 Wend. 462.)

I see no ground for interfering with the judgment below.

Judgment affirmed.